IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Criminal Case No. 3:08CR172-1

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| MARK WEISSENBACH | ) |
| | ) |

**ORDER**

**THIS MATTER** is before the Court on Defendant's *pro se* motion, submitted in the form of a letter to the Court filed May 27, 2010, regarding his restitution. Specifically, Defendant appears to be seeking relief from the United States' collection activities regarding the restitution debt set forth in the criminal judgment in this matter. For the reasons stated below, the Court will deny Defendant's request.

**I. PROCEDURAL HISTORY**

The criminal judgment was entered in this matter on October 30, 2009. Defendant pleaded guilty to one count of tax evasion related to unreported income of $609,364.52 for tax years 2002 through 2006. During these years, Defendant reported himself as disabled in his tax returns, but was in fact working as a bookie for a company based in Costa Rica, earning between $66,000 and $207,000 annually. Because Defendant was sentenced after April 24, 1996, the Mandatory Victim Restitution Act (MVRA) applies. *See* 18 U.S.C. § 3663A and 3664.

In accordance with the MVRA, Defendant was ordered to pay restitution to the Internal Revenue Service in the amount of $127,348.09, representing his unpaid taxes, as well as an assessment of $100.00. Defendant's sentence included no active prison sentence and Defendant was ordered to pay $50.00 per month toward his debt. According to the records maintained by the Clerk

of Court, Defendant has paid the $100.00 assessment and $48,879.35 of the restitution obligation. $78,568.74 remains outstanding, subject to any payments that have been collected recently, but which have not yet been entered into the relevant accounting system.

According to the response submitted by the United States on May 27, 2010, the government entered Defendant's obligation into the Treasury Offset Program ("TOP") database so that any funds paid by the government, such as tax refunds or Social Security payments, could be used in whole or in part to pay Defendant's remaining restitution debt. It appears from the parties' filings that Defendant's TOP offset from his Social Security benefits is $271.35 per month, which represents $255.35 in restitution paid to the Clerk's Office, as well as a $16.00 processing fee deducted by Treasury for each payment collected.

Defendant's letter to the Court represented Defendant's financial condition as being difficult, due to personal health issues and expenses related to his criminal supervision. Other than the letter to the Court, Defendant submitted no documentation or legal authority in support of his request. The government provided documentation regarding assets available to Defendant, including annual income of approximately $29,000 annually, vehicles, a boat, and an interest in a 3,300 square foot residence which is jointly titled with his girlfriend, who has her own sources of income.

## II. ANALYSIS

While Defendant requests relief from the offset of his Social Security benefits, he has provided the Court with no authority or evidence to support such a request. As provided in the government's response, Social Security payments are subject to TOP offset pursuant to the Debt Collection Improvement Act of 1996. *See* 31 U.S.C. § 3701 *et seq*. Such offsets are not unlimited, but it appears that the government's offset in this matter complies with the statutory requirements in that it does not exceed 15% of Defendant's benefit. *See* 31 C.F.R. 285.4(e).

Nor does there appear to be authority for the Court to prohibit the government from offsetting Defendant's Social Security benefit so long as the statutory requirements are met, even assuming he was suffering the financial hardships claimed in his letter. While the Court does have the authority to adjust payment schedules pursuant to 18 U.S.C. § 3664(k), TOP offsets are not part of any court payment schedule, but are instead part of the government's collection activities. There is no statute that prohibits the United States from conducting such collection activity once the restitution order is imposed, even where there is no payment default or where the Court has established a payment schedule. 18 U.S.C. § 3613 provides that:

> The United States may enforce a judgment imposing a fine [or restitution[1]] in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law (including section 207 of the Social Security Act), a judgment imposing a fine may be enforced against all property or rights to property of the person fined . . . [except for certain exemptions, none of which are relevant in this matter.]

"Enforcement of restitution may begin immediately after an entry of judgment arises on a defendant's property" and restitution is generally to be paid immediately unless the judge orders deferral. *United States v. Hanhardt*, 2004 WL 3104827, *1 (N.D.Ill.)(citing 18 U.S.C. § 3613(c), which provides the lien in the favor of the United States "arises on the entry of judgment," and *United States v. Delacruz*, 2004 U.S.App. LEXIS 18900, *3).

Even where the judge *has* deferred payment, the United States still has the right to immediate restitution.

> While a schedule of $150 per month was put in place in the event restitution was not paid immediately, the existence of this schedule does not mean that the government is precluded from pursuing other avenues of ensuring that defendant's restitution obligation is satisfied. Court-imposed payment schedules are merely one means

---

[1] 18 U.S.C. § 3613(f) provides that "all provisions of this section are available to the United States for the enforcement of an order of restitution."

available to enforce a restitution judgment.

*United States v. James*, 312 F.Supp.2d 802, 806-07 (E.D.Va.2004). *See also United States v. Hanhardt*, 2004 WL 3104827, *1 (N.D.Ill.)(following the reasoning of the *James* court). These decisions are consistent with the statutory requirement for prompt payment of restitution to victims set forth in 18 U.S.C. § 3664A(f).

Although Defendant claims financial hardship, this is not an appropriate line of inquiry in this matter, statutorily or otherwise. Congress duly promulgated a statutory system that provides for a limit to the amount that may be offset. In this case, the government is limited to collecting 15% of Defendant's Social Security benefit. This percentage is part of a calculation that exempts the amounts calculated to be reasonably necessary to meet a person's individual monthly living expenses. No inquiry into Defendant's individual needs is provided for by statute. Even if Defendant's financial circumstances were a permissible topic for judicial review of the government's collection activities, it appears from the submissions to the Court that Defendant is suffering no financial hardship. As such, the Court also declines to alter the minimum monthly payment of $50.00 as set forth in the criminal judgment absent the submission of credible evidence from Defendant.

## III. ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's motion to reduce the TOP offset of his Social Security benefit is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's monthly payment amount as set forth in the criminal judgment shall not be reduced absent the submission of credible evidence of need as set forth in 18 U.S.C. §§ 3663A and 3664.

Signed: June 2, 2010

Frank D. Whitney
United States District Judge